UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Martha Rios-Fernandez,<br><br>        Plaintiff<br><br>v.<br><br>Albertson's LLC d/b/a/ Albertsons,<br><br>        Defendant | Case No. 2:24-cv-00007-CDS-MDC<br><br>**Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgment**<br><br>[ECF No. 16] |

      Plaintiff Martha Rios-Fernandez brings this negligence action[1] against defendant Albertson's LLC, d/b/a Albertsons. Compl., ECF No. 1-2. Albertsons removed the case from the Eighth Judicial District Court, Clark County, Nevada, on January 3, 2024, on the basis of diversity jurisdiction. *See* Pet. removal, ECF No. 1. Albertsons then filed a motion for partial summary judgment. Partial mot. summ. j., ECF No. 16. That motion is fully briefed. *See* Opp'n, ECF No. 17.[2] For the following reasons, I grant Albertsons' motion for partial summary judgment.

I.    **Background**

      Rios-Fernandez alleges that she slipped and fell on soup by the self-checkout area at a Las Vegas Albertsons store on November 24, 2021. *See* ECF No. 1-2 at 4, ¶ 9;[3] Customer/Vendor Incident Worksheet, Pl.'s Ex. 2, ECF No. 17-2 at 2. Albertsons seeks dismissal of the second claim, arguing that Rios-Fernandez fails to present any evidence of negligent hiring, training, supervision, or retention. ECF No. 16. Albertsons further argues that Rios-Fernandez did not take a deposition of their Rule 30(b)(6) witness and failed to designate a liability expert, any

---

[1] Specifically, Rios-Fernandez brings two causes of action against Albertsons: (1) negligence; and (2) negligent hiring, training, and or supervision. *See* ECF No. 1-2.
[2] No reply was filed.
[3] Unless otherwise noted, citation to the complaint is for background information only and does not serve as a finding of fact.

other expert challenge their policies and procedures, and fails to produce any evidence showing any Albertsons' employee was not properly trained, retained, or supervised. *Id.* at 3–4. Rios-Fernandez argues that evidence shows that Albertsons' employee, Mark Ordoyne, was present when she fell and admitted he was unsure of the store's policies, procedures, and obligations to warn patrons about the spill. ECF No. 17 at 8 (citing Ordoyne dep., Pl.'s Ex. 1, ECF No. 17-1).

## II. Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

## III. Discussion

### A. Albertsons' motion for partial summary judgment as to the negligent hiring claim is granted.

The tort of negligent hiring imposes a "general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the

position." *Freeman Expositions, LLC v. Eighth Judicial Dist. Court*, 520 P.3d 803 (Nev. 2022). An employer breaches that duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities. *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996). Albertsons argues there is "no evidence to suggest that any employee was unfit for his or her position with [them]" or facts in dispute on that point, and it asserts that the plaintiff failed to identify any employee who was allegedly negligently hired. ECF No. 16 at 6. In her opposition, Rios-Fernandez does not respond to this argument, instead addressing the negligent training and supervision aspect of the claim. *See* ECF No. 17. Rio-Fernandez also fails to cite any evidence that would support a negligent hiring claim against Albertsons. Because Rios-Fernandez neither addresses nor supports her claim of negligent hiring, it is deemed abandoned and summary judgment on that claim is granted.[4] *See Est. of Shapiro v. United States*, 634 F.3d 1055, 1060 (9th Cir. 2011) (affirming summary judgment on a claim because the plaintiff "abandoned th[e] claim by failing to raise it in opposition to the [defendant's] motion for complete summary judgment"); *see also Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) ("We have previously held that a plaintiff has 'abandoned claims by not raising them in opposition to [the defendant's] motion for summary judgment.'" (quoting *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005))).

    **B. Albertsons' motion for partial summary as to negligent training and supervision is denied.**

To establish a claim for negligent training or supervision, a plaintiff must show: (1) the defendant owed a duty of care to her, (2) the defendant breached that duty by not using reasonable care in training and supervising its employees to ensure that they are fit for their positions, (3) causation, and (4) damages. *See Roaque v. Walmart, Inc.*, 2024 U.S. Dist. LEXIS 99609 at *7–8 (D. Nev. June 5, 2024) (citing *Freeman Expositions*, 520 P.3d at 811).

---

[4] Rios-Fernandez's request for discovery pursuant to Fed. R. Civ. P. 56(d) does not change this result. She failed to address this argument and as explained below her request for relief under 56(d) fails.

Like its arguments regarding negligent hiring, Albertsons argues that Rios-Fernandez fails to identify any of its employees who were allegedly negligently training and supervised. ECF No. 16 at 6. Albertsons further argues that Rios-Fernandez conducted limited, insufficient discovery to prove her negligent training and supervision claim. *Id.* at 7. Further, it argues that the plaintiff has failed to disclose any witness—"expert or otherwise"—that will testify that Albertsons' policies and procedures were negligent. *Id.* In opposition, Rios-Fernandez cites two pieces of evidence to argue that the negligent training and supervision should survive. First, she argues that Mark Ordoyne's testimony that he was unsure of his obligations in warning patrons about spills is sufficient to create a genuine issue of material fact for a jury to resolve this claim. ECF No. 17 at 8–9. Second, and while not fully articulated, the court construes her argument to be based on the two-hour gap of time reflected in the Customer/Vendor Incident Worksheet[5] and the sweep log.[6] *Id.* The Customer/Vendor Incident Worksheet shows that the incident occurred at 6:40 p.m., and the sweep log shows that the floors were inspected at 5:09 p.m. and 7:13 p.m. *Id.* This two-hour gap creates a triable question of fact as to whether Albertsons negligently trained and supervised its employees, as how often Albertsons' employees should sweep/clean the floors. *Id.*

While incredibly thin, and it is unclear as to who could testify to Albertsons' alleged negligence, the evidence cited by Rios-Fernandez is just enough to survive summary judgment on her negligent training and supervision claim. A reasonable jury could conclude that Albertsons failed to use reasonable care in the training and supervision of its employees because Ordoyne testified that he was unsure of his obligations regarding the duty to warn, and seemingly there are questions with respect to how often to sweep/clean the floors. Accordingly, Albertsons' motion for partial summary judgment on the negligent training and supervision claim is denied.

---

[5] *See* Pl.'s Ex. 2, ECF No. 17-2.
[6] *See* Pl.'s Ex. 3, ECF No. 17-3.

### C. Rios-Fernandez's fails to comply with the requirements for seeking relief under Fed. R. Civ. P. 56(d).

Federal Rule of Civil Procedure 56(d) allows a nonmovant to file an "affidavit or declaration" with specific reasons why it "cannot present facts essential to justify its opposition" and ask the court to defer ruling on the motion for summary judgment or allow further time for discovery. *See* Fed. R. Civ. P. 56(d). A party requesting a continuance on a motion for summary judgment must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (citations omitted).

Rios-Fernandez fails to comply with the requirements of Rule 56(d). Instead, she merely asserts that she is entitled to discovery, claiming she was not dilatory and there was some sort of "stipulated delay in discovery." ECF No. 17 at 10. First, there is no discovery stay on the record, Rios-Fernandez provides no additional information to support this argument, and the docket reflects a stipulated discovery plan and scheduling order was entered on February 2, 2024, that makes no reference to a stay. *See* ECF No. 10. Second, Rios-Fernandez's request to conduct additional discovery lacks an affidavit setting forth the specific facts she hopes to elicit from conducting the additional discovery. Accordingly, she errs in her assertion that she is entitled to discovery pursuant to Rule 56(d), so her request is denied.

### IV. Conclusion

IT IS HEREBY ORDERED that Albertsons' motion for partial summary judgment [ECF No. 16] is GRANTED in part and DENIED in part. It is granted as to negligent hiring and denied as to negligent training and supervision.

IT IS FURTHER ORDERED that Rios-Fernandez's request to conduct additional discovery pursuant to Fed. R. Civ. P. 56(d) is denied.

This matter is referred to the magistrate judge for a settlement conference. LR 16-5. If a settlement is not reached, the parties must file a proposed joint pretrial order that complies with Local Rules 16-3 and 16-4 within thirty days of the failed settlement.

Dated: September 25, 2025

_____
Cristina D. Silva
United States District Judge